# CASES

# APPELLATE COURTS OF ILLINOIS.

### FOURTH DISTRICT—FEBRUARY TERM, 1883.

### THE PEOPLE, etc.,

### v.

### VICTOR GLODO.

A writ of error does not lie at the instance of the people to reverse the judgment of a trial court in a criminal case.

ERROR to the County Court of Jackson county; the Hon. J. BANKS MAYHAM, Judge, presiding. Opinion filed April 13, 1883.

Mr. WILLIAM A. SCHWARTZ, for plaintiff in error; that this case may be taken to the appellate court, cited Hurd's R. S. 1877, p. 744, § 75; Young v. The People, 6 Bradwell, 434.

As to the power of the legislature: Mason v. Waite, 4 Scam. 134; The People v. Reynolds, 5 Gilm. 1; Munn v. The People, 69 Ill. 93; Wagner v. The People, 97 Ill. 320.

Every indictment of the grand jury shall be deemed sufficiently technical and correct which states the offense in the language of the statute or so plainly that the nature of the offense may be easily understood by the jury: Cannady v. The People, 17 Ill. 158; Morton v. The People, 47 Ill. 468; McCutcheon v. The People, 69 Ill. 601; Mapes v. The People, 69 Ill. 523; The People v. McKinney, 10 Mich. 54.

When a statute creating an offense is silent as to motive, no intent need be averred in the indictment: Commonwealth v. Emmons, 99 Mass. 6; Ells v. The People, 4 Scam. 509; Ulrich v. The Commonwealth, 6 Bush. 400; State v. Hartfield, 24 Wis. 60; Burnes v. State, 19 Conn. 397; Wharton on Criminal Law, 8th ed., § 88.

PER CURIAM. A writ of error does not lie at the instance of the people to reverse the judgment of a trial court in a criminal case. The People v. Dill, 1 Scam. 257.

The right of error is dismissed.

Dismissed.

---

JOHN W. FRIEZE

v.

THE PEOPLE, etc.

ABSENCE OF BILL OF EXCEPTIONS.—What purports to be a bill of exceptions is attached to the record in this case, but it is not certified by the clerk as a part of the record. The court is thus precluded from a consideration of most of the matters urged by plaintiff in error.

ERROR to the County Court of Pope county; the Hon. DANIEL M. BROWNING, Judge, presiding. Opinion filed April 13, 1883

Mr. J. F. TAYLOR, for plaintiff in error; that the affidavit containing all the requirements of the statute and the evidence being shown to be material, the court should have granted a continuance, cited Wray v. The People, 78 Ill. 212; Cawley v. The People, 80 Ill. 236; Sprague v. Heaps, 7 Bradwell, 447; Switzer v. Lottenville, 4 Bradwell, 219.

As to the practice of making distinct and separate statements of the same offense in an indictment: Curtis v. The People, Breeze, 256; Townsend v. The People, 3 Scam. 326; McGregg v. State, 4 Blackf. 101; U. S. v. Pirates, 5 Wheat. 201.